```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MISSOURI
                    EASTERN DIVISION
```

WILLIAM E. NASH,                        )
                                        )
            Petitioner,                 )
                                        )
      v.                                )   No. 4:11-CV-1716-NAB
                                        )
TROY STEELE,                            )
                                        )
            Respondent.                 )

### MEMORANDUM AND ORDER

This matter is before the Court upon petitioner William E. Nash's application for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the petition, the Court will order petitioner to show cause as to why the Court should not dismiss the instant petition as time-barred under 28 U.S.C. § 2244(d)(1).

### The petition

Petitioner, an inmate at the Potosi Correctional Center, seeks release from confinement pursuant to 28 U.S.C. § 2254. Petitioner challenges his September 21, 1993 conviction for forcible rape and sodomy imposed by the Circuit Court of Washington County, Missouri. Plaintiff was sentenced on December 6, 1993.

The Missouri Court of Appeals affirmed the conviction on June 13, 1995.  In addition, petitioner filed a Rule 29.15 motion for post-conviction relief with the trial court.  The motion was denied, and the Missouri Court of Appeals affirmed the decision also on June 13, 1995.  In the instant action, petitioner alleges that he received ineffective assistance of trial counsel.

## Discussion

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for a writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that it is time-barred under 28 U.S.C. § 2244(d)(1)[1] and is subject to summary dismissal.  The denial of petitioner's Rule 29.15 motion was affirmed on June 13, 1995; however, the instant application for federal habeas corpus relief was not signed until September 23, 2011, well after the running of the one-year limitations period.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

---

[1] Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitations period to petitions for writs of habeas corpus.

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant petition appears to be time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for a writ of habeas corpus as time-barred.  Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action as time-barred.

Dated this 24th day of October, 2011.

/s/Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**